IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT OMAHA

| | |
|---|---|
| BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL UNION #15 MO-KS-NE,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW MOMMSEN,<br><br>STEPHEN WICHMAN,<br><br>JARED SKAFF,<br><br>OMAHA BRICKLAYERS UNION TRUST,<br><br>and,<br><br>OMAHA BRICKLAYERS BUILDING TRUST,<br><br>Defendants. | Case No. |

## COMPLAINT

COMES NOW Plaintiff Bricklayers and Allied Craftworkers Local Union #15 MO-KS-NE (hereinafter "BAC Local #15") by and through its undersigned counsel and for its **Complaint** against Defendants Andrew Mommsen, Stephen Wichman, Jared Skaff, the Omaha Bricklayers Union Trust (hereinafter "Union Trust") and the Omaha Bricklayers Building Trust (hereinafter "Building Trust"), states, alleges and avers as follows:

## NATURE OF THE CASE

1. This action arises under and jurisdiction is founded upon §301 of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. §185 (hereinafter referred to as the "LMRA") and is an action for breach of a written contract, to wit, the Constitution, Rules of Order and Codes of the International Union of Bricklayers and Allied Craftworkers. This action also arises under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 USC §501(a). Additionally, this action involves an actual controversy between the parties and this Court is

{00334576;MU15-127;BCJ}   1

therefore vested by the provisions of the Declaratory Judgment Act as amended, 28 U.S.C. §§2201 and 2202, with power to render the declaratory judgment and grant the other relief herein prayed for.

## PARTIES

2. Plaintiff BAC Local #15 is an affiliate local of the International Union of Bricklayers and Allied Craftworkers (hereinafter "International Union, BAC") and represents employees in industries affecting commerce. Plaintiff is, and at all times relevant to this action has been, a "labor organization" within the meaning of 29 USC §§152(5) and 402(i).

3. Plaintiff BAC Local #15 maintains its principal office in Kansas City, Missouri with an additional office located in Omaha, Nebraska. Plaintiff's duly authorized officers or agents are engaged in representing and acting on the behalf of employee members of the Plaintiff in the State of Nebraska within the territorial jurisdiction of this Court.

4. Upon information and belief, Defendant Andrew Mommsen is a resident of the state of Nebraska and resides within the territorial jurisdiction of this Court. At all times referenced herein Defendant Mommsen was an officer of Omaha Bricklayers Local Union #1 holding the position of Business Manager, and was a trustee of the Omaha Bricklayers Building Trust and/or the Omaha Bricklayers Union Trust.

5. Upon information and belief, Defendant Stephen Wichman is a resident of the state of Iowa. The conduct engaged in by Defendant Wichman which forms the basis for the claims against him in this action occurred within the territorial jurisdiction of this Court. At all times referenced herein Defendant Wichman was an officer of Omaha Bricklayers Local Union #1 holding the position of President, and was a trustee of the Omaha Bricklayers Building Trust and/or the Omaha Bricklayers Union Trust.

6. Upon information and belief, Defendant Jared Skaff is a resident of the state of Nebraska and resides within the territorial jurisdiction of this Court. At all times referenced herein Defendant Skaff was an officer of Omaha Bricklayers Local Union #1 holding the position

of Recording Secretary, and was a trustee of the Omaha Bricklayers Building Trust and/or the Omaha Bricklayers Union Trust.

7. Defendant Omaha Bricklayers Union Trust is a trust created by a Declaration of Trust dated June 1, 1957 and at all times referenced herein was a trust organized and existing under the laws of the State of Nebraska having its principle place of business in Omaha, Nebraska.

8. Upon information and belief, Defendant Omaha Bricklayers Building Trust is a trust created, organized and existing under the laws of the State of Nebraska having its principle place of business in Omaha, Nebraska.

**JURISDICTION AND VENUE**

9. This Court has original jurisdiction over this action under LMRA §301(a) and (c), 29 USC §185(a) which allows federal courts to enforce contracts between labor organizations, including union constitutions. Original jurisdiction also lies under 28 USC §§1331 and 1337 for claims arising under LMRDA §501(a), 29 USC §501(a).

10. Venue is proper in this Court pursuant to §301(c) of the LMRA, 28 USC §1391(a) because (i) one or more individual defendants, including defendants Mommsen and Skaff, reside in this District; and (ii) Plaintiff BAC Local #15 represents members in this District.

**History of Omaha Bricklayers Union #1, Omaha Bricklayers Building Company, Omaha Bricklayers Union Trust and Omaha Bricklayers Building Trust.**

11. Prior to January 1, 2014, Omaha Bricklayers Local #1, the successor through merger to the Omaha Bricklayers, Stonemasons, Cement Block Layers, Marblemasons, Tilesetters and Terrazzaworkers Protective Union No. 1 of the State of Nebraska was an affiliate local of the International Union BAC having been chartered by International Union BAC on March 10, 1881.

12. At all times referenced herein Omaha Bricklayers Local Union #1 represented employees in industries affecting commerce in Nebraska and parts of Iowa. Omaha Bricklayers

Local Union #1 at all times relevant to this action was a "labor organization" within the meaning of 29 USC §§152(5) and 402(i).

13. Prior to January 1, 2014, Plaintiff BAC Local #15 was an affiliate local of International Union BAC and as such, represented employees in Kansas and portions of Missouri.

14. The Omaha Bricklayers Building Corporation is a corporation formed under the laws of the State of Nebraska and was formed for the purpose of owning real property used for the offices of, and to provide a meeting place for, Omaha Bricklayers Local Union #1. At all times referenced herein, the Omaha Bricklayers Building Corporation was wholly owned by Omaha Bricklayers Local Union #1.

15. On or about April 2, 1920, the Omaha Bricklayers Building Corporation purchased real estate legally described as follows, for use as offices and to provide a meeting place for Omaha Bricklayers Local Union No. 1:

> West 20 feet of Lot five (5) in Block 205 ½, in the City of Omaha, as surveyed and lithographed, together with a strip of ground adjoining said lot on the West and legally described as follows:
>
> Beginning at the southwest corner of said lot 5, thence west 14 feet, thence north 132 feet, thence east 14 feet to Northwest corner of said Lot 5, thence south 132 feet along west line of said Lot to place of beginning, being a part of the 21st Street vacated as per Ordinance No. 5417 of City of Omaha, in Douglas County Nebraska.

16. On June 1, 1957, the Omaha Bricklayers Building Company, by and through its President William Ross, executed a Declaration of Trust creating Defendant Omaha Bricklayers Union Trust. On the same date, the Omaha Bricklayers Building Company executed a warranty deed transferring the real property owned by the Building Company as described in paragraph 15 above to the newly created Omaha Bricklayers Union Trust. William Ross, James Richardson and William G. Houghton were declared trustees of Defendant Omaha Bricklayers Union Trust under the Declaration of Trust. A true and accurate copy of the Declaration of Trust dated June 1, 1957 is attached to this Complaint as Exhibit 1.

17. At the time of the creation of Defendant Omaha Bricklayers Union Trust and conveyance of the real property from the Omaha Bricklayers Building Company to Defendant Union Trust, William Ross, James Richardson and William G. Houghton were members and duly elected officers of Omaha Bricklayers Local Union #1.

18. The purpose of Defendant Omaha Bricklayers Union Trust as set forth in the Declaration of Trust was for the use and benefit of the individual members of Bricklayers Local Union #1, for charitable and educational purposes, and for the benefit of certain relatives of members of Omaha Bricklayers Local Union #1. In addition, the Declaration of Trust provided that the real property conveyed to Defendant Union Trust by the warranty deed dated June 1, 1957, would be used to provide a meeting place for Omaha Bricklayers Local Union #1 and its auxiliaries and as a meeting place for any charitable committees or educational committees or for the conduct of trade schools by Omaha Bricklayers Local Union #1.

19. On or about October 28, 1968, Defendant Omaha Bricklayers Union Trust sold and conveyed the real property described in paragraph 15 herein.

20. On or about January 14, 1969, using the proceeds derived from the sale of the real property described in paragraph 15 above, Defendant Omaha Bricklayers Union Trust purchased real property legally described as:

> That part of Lot 1, Replat of Block 1, Green Valles, an addition in the City of Omaha, as surveyed, plated and recorded, Douglas County, Nebraska, more particularly described as follows: beginning at the Northeast corner of said Lot 1, thence N 80* 09' 40" W, 158.5 feet along the North line of said Lot 1: thence S 22* 34' 20" W, 34.94 feet along the West line of said Lot 1; thence S 80* 09' 40" E, 167.32 feet along a line being 34.08 feet South of and parallel with the North Line of said Lot 1; thence N 7* 30' 40" W, 34.10 feet along the East line of said Lot 1 to the point of beginning; together with Lot 5, Replat of Block 1, Green Valleys, except that part described as follows: Beginning at the lot corner which is common to Lot 5 and Lot 1, also being 158.5 feet N 80* 09' 40" W from the Southeast corner of said Lot 5, thence S 22* 34" 20" W along the lot line common to Lot 5 and Lot 1, 65.0 feet; thence N7* 34' 20" E, 112.0 feet along the lot line common to Lot 5 and Lot 4; thence S 90* 27' 40" E 31.29 feet along the lot line common to Lot 5 and Lot 4 to a point being the intersection of the above described lot line and the lot line common to Lot 5 and Lot 1, extended N 22* 34' 20" E to intersect with it; thence S 22* 34' 20" E,

54.92 feet to the point of beginning.

21. On or about December 30, 2011, Defendant Omaha Bricklayers Union Trust sold the real property described in paragraph 20 and all improvements thereon for the amount of one hundred fifty thousand and no/100 dollars ($150,000.00). Following the sale of said real property, Defendant Union Trust did not purchase any additional real property but maintained the proceeds from the December 30, 2011 sale as liquid assets of the Union Trust.

22. Upon information and belief, after December 30, 2011, Defendant Omaha Bricklayers Union Trust, acting by and through Defendants Mommsen, Wichman and Skaff as trustees, transferred and conveyed the assets representing proceeds from the sale of the real property described in paragraph 20 to Defendant Omaha Bricklayers Building Trust.

**Merger of Omaha Bricklayers Local Union #1 Into BAC Local Union #15**

23. The relationship between International Union BAC and its subordinate local unions, including BAC Local #1 and Plaintiff BAC Local #15, is governed by the International Union Constitution, which is a contract between labor organizations representing employees in an industry affecting commerce within the meaning of the LMRA, 29 USC §185. Relevant excerpts of the International Union Constitution are attached hereto as Exhibit 2.

24. The Executive Board of the International Union BAC is composed of the following officers of the International Union: President, Secretary-Treasurer and two Executive Vice-Presidents.

25. Article XVI, Section N, of the International Constitution addresses the ability of the Executive Board of the International Union to merge or consolidate subordinate local unions.

26. Article VIII, Section I of the International Union Constitution provides that when the Executive Board exercises its authority to consolidate Local Unions, the funds and assets of the consolidated area "shall become the property of the consolidated Local."

27. As a result of the economic recession beginning in 2008, Omaha Bricklayers Local Union #1 experienced a severe decline in hours worked by its members as well as a

{00334576;MU15-127;BCJ }                                6

decline in its membership. As of late 2013 the number of hours worked by members of Omaha Bricklayers Local Union #1 were roughly half of the number of hours worked in 2008. Membership in Omaha Bricklayers Local Union #1 declined by approximately 30 percent between 2008 and late 2013.

28. Article XVI, Section N of the Constitution of the International Union BAC provides that the Executive Board has the following authority:

> "N. The Executive Board shall have the power to organize and to charter new Local Unions, including Regional or National Local Unions; to issue orders consolidating Locals; to designate officers in newly formed Locals or newly consolidated Locals for up to two (2) years after formation or consolidation; to order Locals to form, join and remain affiliated with District Councils; to charter or consolidate District Councils; to charter State or Provincial Conferences; and to revoke or modify any charters granted."

29. In part as a result of decrease in hours worked by members of Omaha Bricklayers Local Union #1 and the decrease in membership, on December 31, 2013, the Executive Board of International Union BAC determined that the members of BAC Local #1 as well as the objectives of organizing, trade jurisdiction, collective bargaining and service to members would be best served by merging Omaha Bricklayers Local Union #1 into Plaintiff BAC Local #15.

30. In Order 2013-11 dated December 31, 2013, the Executive Board of International Union BAC took the following action pursuant to Article XVI, Section N of the International Union Constitution, such action to be effective January 1, 2014:

    a. Ordered the merger of BAC Local #1 into Plaintiff BAC Local #15;

    b. Revoked the existing charter of BAC Local #1;

    c. Expanded the charter of Plaintiff BAC Local #15 to include the former jurisdiction of BAC Local #1;

    d. Transferred the membership of BAC Local #1 to Plaintiff BAC Local #15;

    e. Ordered Plaintiff BAC Local #15 to perform all collective bargaining functions and service all collective bargaining agreements then in effect

        covering members of BAC Local #1.

    f.    Ordered the assets, books and records of BAC Local #1 transferred to BAC Local #15.

A true and accurate copy of the Order of the Executive Board of International Union BAC is attached hereto as Exhibit 3 and is incorporated by reference as if fully set forth herein.

31.    Pursuant to Article VIII, Section I of the International Union Constitution, when the International Union Executive Board exercises its authority to consolidate local unions, the funds and assets of the consolidated areas "shall become the property of the consolidated Local." As such, on January 1, 2014, all of the funds and other assets, books and records of BAC Local #1 became the property of Plaintiff BAC Local #15.

32.    Pursuant to the Order of the Executive Board, Defendant Andrew Mommsen, Business Manager/Financial Secretary of BAC Local #1 was appointed to the Management Committee of Plaintiff BAC Local #15 as a Vice-Chairperson and was appointed and employed as a Field Representative for Plaintiff BAC Local #15.

33.    At the time of his appointment as a Vice-Chairperson of Plaintiff BAC Local #15's Management Committee, Defendant Mommsen was a trustee of Defendant Omaha Bricklayers Union Trust and/or Defendant Omaha Bricklayers Building Trust.

34.    Upon information and belief, at all times referenced herein on and after January 1, 2014, Defendant Wichman was a member of Plaintiff BAC Local #15 and a trustee of Defendant Omaha Bricklayers Union Trust and/or Defendant Omaha Bricklayers Building Trust.

35.    Upon information and belief, at all times referenced herein on and after January 1, 2014, Defendant Skaff was a member and/or employee of Plaintiff BAC Local #15 and a trustee of Defendant Omaha Bricklayers Union Trust and/or Defendant Omaha Bricklayers Building Trust.

36.    On June 23, 2015, Caryn J. Halifax, then-Assistant General Counsel for International Union BAC, made demand on Defendants Mommsen, Wichman and Skaff,

through their attorney, to immediately transfer all assets, books and records of Defendant Omaha Bricklayers Building Trust and/or Defendant Omaha Bricklayers Union Trust to representatives of Plaintiff BAC Local Union #15. A true and accurate copy of Ms. Halifax's letter of June 23, 2015 is attached hereto as Exhibit 4.

37. By letter dated July 13, 2015 from their attorney to Ms. Halifax, Defendants refused to transfer the assets, books and records of Defendant Omaha Bricklayers Building Trust and/or Defendant Omaha Bricklayers Union Trust to representatives of Plaintiff BAC Local Union #15. A true and accurate copy of the letter from Defendants' counsel to Ms. Halifax is attached hereto as Exhibit 5.

38. By letter to counsel for Defendants Mommsen, Wichman and Skaff dated August 10, 2015, Caryn J. Halifax, on behalf of the President of Plaintiff BAC Local #15, demanded an accounting of the Omaha Bricklayers Building Trust/Omaha Bricklayers Union Trust pursuant to the provisions of paragraph 8 of the Declaration of Trust. A true and accurate copy of Ms. Halifax's letter to Defendants' counsel dated August 10, 2015 is attached hereto as Exhibit 6.

39. As of the date of the filing of this action, Defendants have refused, and continue to refuse, to either transfer the assets, books and records of Defendant Omaha Bricklayers Building Trust and/or Defendant Omaha Bricklayers Union Trust to representatives of Plaintiff BAC Local #15 or provide the requested accounting for the Trusts to the President of Plaintiff BAC Local #15.

40. Code 5 of the Constitution of the International Union BAC makes it a violation of the International Constitution "For any member or affiliate to convert to the member's own use or affiliate's own use or to the use of another not entitled to such use any property of the International or any affiliate thereof or any related fund of the International or an affiliate, or to conspire or attempt to do so."

41. As of January 1, 2014, Defendants Mommsen, Wichman and Skaff owed a duty to turn over to Plaintiff BAC Local #15 all assets, books, records and other property of BAC

Local #1, not only by operation of the International Union Constitution but also by the express terms of the decision of the Executive Board issued on December 31, 2013.

42. Notwithstanding their obligations under the International Constitution and the Order of the Executive Board, Defendants Mommsen, Wichman and Skaff engaged in a series of improper acts that were designed to, and did, obstruct the transfer of property from BAC Local #1 to Plaintiff BAC Local #15 as intended.

43. The acts of obstruction and other improper conduct committed by these Defendants include, but are not limited to, the following:

    a. Removing, retaining and/or destroying documents related to BAC Local Union #1, the Omaha Bricklayers Building Corporation, Omaha Bricklayers Union Trust and/or the Omaha Bricklayers Building Trust from the offices of Local Union #1 and failing to provide or deliver such documents to officers of Plaintiff BAC Local Union #15;

    b. Failing and refusing to deliver the property and assets of Local Union #1 to Local Union #15, including assets related to the sale of real property in December, 2011, by the Omaha Bricklayers Union Trust.

### COUNT I – CLAIM FOR INJUNCTIVE RELIEF TO REMEDY BREACHES OF THE INTERNATIONAL UNION BAC CONSTITUTION IN VIOLATION OF LMRA §301

44. Plaintiff BAC Local #15 incorporates by reference the allegations set forth in paragraphs 1 through 43 above as if fully set forth herein.

45. By taking the actions described above, Defendants Mommsen, Wichman and Skaff have obstructed the effectuation of the consolidation ordered by the International Union in conformity with its Constitution. Such conduct is in violation of the International Union Constitution, a contract between labor organizations within the meaning of LMRA §301(a) of the LMRA, 29 U.S.C. §185(a).

46. By taking the actions described above, Defendants have violated the

International Union Constitution by failing and refusing to turn over to Plaintiff BAC Local #15 all monies, assets, books and property of BAC Local Union #1 and by instead wrongfully retaining and/or destroying BAC Local Union #1 records and property, including the records and assets of the Omaha Bricklayers Building Company, Omaha Bricklayers Union Trust and/or Omaha Bricklayers Building Trust.

47. Defendants Mommsen, Wichman and Skaff have violated the International Union Constitution by disregarding and refusing to comply with the Executive Board's lawful directive consolidating BAC Local Union #1 and Plaintiff BAC Local Union #15.

48. At all times referenced herein, Plaintiff BAC Local #15 was a third-party beneficiary of the contract created by the International Union BAC Constitution between the International Union BAC and Omaha Bricklayers Local Union #1, and the decision of the Executive Board issued December 31, 2013.

49. Plaintiff BAC Local Union #15 has no other speedy or adequate remedy to compel Defendants to comply with the decision of the Executive Board. Unless the Court issues an order finding Defendants Mommsen, Wichman and Skaff to be in breach of the International Constitution and requiring Defendants to comply with the decision of the Executive Board, Defendants Mommsen, Wichman and Skaff will continue to refuse to comply with the December 31, 2013 decision of the Executive Board, all to the damage of Plaintiff BAC Local #15.

WHEREFORE, Plaintiff BAC Local Union #15 prays for the following relief as to Count I of its **Complaint** against all Defendants:

1. That the Court enter a judgment declaring that Omaha Bricklayers Building Corporation, Defendant Omaha Bricklayers Building Trust and Defendant Omaha Bricklayers Union Trust are the property of BAC Local Union #15;

2. That the Court enter a judgment declaring that Defendant Andrew Mommsen, Defendant Stephen Wichman and Defendant Jared Skaff are obligated to comply

with the decision of the Executive Board of the International Union BAC issued on December 31, 2013, and by failing to so comply Defendants are in breach of the International Union Constitution;

3. That the Court order Defendant Andrew Mommsen, Defendant Wichman and Defendant Jared Skaff to immediately comply with the decision of the Executive Board of the International Union BAC by surrendering any and all monies, assets, documents and property within their possession, custody and/or control to BAC Local Union #15, including but not limited to all assets and documents of the Omaha Bricklayers Building Corporation, Defendant Omaha Bricklayers Building Trust and Defendant Omaha Bricklayers Union Trust, all as required by the Decision of the IU Executive Board;

4. That the Court award Plaintiff BAC Local #15 its reasonable attorneys' fees incurred in prosecution of this case;

5. That the Court award Plaintiff BAC Local #15 its costs incurred in this action; and

6. That the Court grant Plaintiff BAC Local #15 any such other and further relief as may be just and proper under the circumstances.

**COUNT II – BREACH OF FIDUCIARY DUTY IN VIOLATION OF LMRDA §501(a) AGAINST DEFENDANTS MOMMSEN AND SKAFF.**

50. Plaintiff BAC Local Union #15 incorporates by reference the allegations set forth in paragraphs 1 through 49 above, only as they pertain to the Defendants mentioned in this Count II.

51. As officers, employees, agents and other representatives of BAC Local Union #15, Defendants Mommsen and Skaff occupied positions of trust in relation to Plaintiff BAC Local Union #15 and to its members as a group, so as to be fiduciaries of Plaintiff BAC Local Union #15.

52. As fiduciaries of Plaintiff BAC Local Union #15, Defendants Mommsen and Skaff

owed Plaintiff Local Union #15 a legal duty under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 USC §§401 et seq., "to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, [and] to refrain from dealing with such organization as an adverse party in any matter connected with [their] duties…" 29 USC §501(a).

53. The fiduciary duties that Defendants Mommsen and Skaff owed to Plaintiff BAC Local #15 encompassed: (1) the duty of undivided loyalty to BAC Local #15 during their tenure as officers, employees, agents and other representatives of BAC Local #15; (2) the duty to exercise reasonable care to preserve BAC Local #15's money, property, assets and documents during their tenure with BAC Local #15; and (3) a residual duty that continued after their tenure with BAC Local #15 to ensure that records, documents, property and assets belonging to BAC Local #15 by virtue of the Decision of the Executive Board were preserved and that the transition of authority to their successors at BAC Local #15 was accomplished without harm to the organization.

54. Defendants Mommsen and Skaff violated their fiduciary duties under the LMRDA and in so doing harmed Plaintiff BAC Local #15 through the following:

    a. Failing to transfer property, assets, records and documents of BAC Local #1, including documents and assets of the Omaha Bricklayers Building Corporation, Omaha Bricklayers Union Trust and/or Omaha Bricklayers Building Trust to Plaintiff BAC Local #15;

    b. Interfering with the implementation of the Decision of the Executive Board of the International Union which was a "resolution" within the meaning of LMRDA §501(a) and which Defendants were obliged to follow so long as they had authority over such resources.

55. Plaintiff BAC Local #15 has suffered damages which were caused by the

individual Defendants' breach of their fiduciary duties owed to Plaintiff BAC Local #15 under the LMRDA in an amount to be proven at trial.

WHEREFORE, Plaintiff BAC Local #15 prays for judgment against Defendants in this Count II in such amount as will compensate Plaintiff for the loss of assets which Defendants have wrongfully withheld and refused to transfer in an amount to be proven at trial, and for its reasonable attorneys' fees and court costs incurred in the prosecution of this action.

### COUNT III – BREACH OF DUTY OF LOYALTY IN VIOLATION OF NEBRASKA COMMON LAW AGAINST DEFENDANTS MOMMSEN AND SKAFF

56. Plaintiff BAC Local #15 incorporates by reference the allegations set forth in paragraphs 1 through 55 only as they pertain to the Defendants mentioned in this claim for relief.

57. As officers, employees, agents, and other representatives of Plaintiff BAC Local #15, Defendants Mommsen and Skaff occupied positions of trust in relation to Plaintiff BAC Local #15 and to its members as a group, so as to be fiduciaries of Plaintiff BAC Local #15.

58. As fiduciaries of Plaintiff BAC Local #15, Defendants Mommsen and Skaff owed BAC Local #15 a legal duty of loyalty under Nebraska common law. The fiduciary duties that the individual Defendants Mommsen and Skaff owed to Plaintiff BAC Local #15 encompassed: (1) the duty of undivided loyalty to BAC Local #15 during their tenure as officers, employees, agents and other representatives of BAC Local #15; (2) the duty to exercise reasonable care to preserve BAC Local #15's assets, property, records and documents during their tenure with BAC Local #15; and (3) a residual duty that continued after their tenure with BAC Local #15 to ensure that records, documents, property and assets belonging to BAC Local #15 were preserved, and that the transition of authority to their successors at BAC Local #15 was accomplished without harm to the organization.

59. Defendants Mommsen and Skaff violated their fiduciary duties under Nebraska law and in so doing harmed Plaintiff BAC Local #15, by engaging in acts including, but not

limited to, the following:

  a. Failing to deliver and/or return property belonging to BAC Local #15 pursuant to the Decision of the Executive Board on December 31, 2013;

  b. Failing to exercise reasonable care in preserving BAC Local #15 property and records;

  c. Interfering with the transfer of property, assets, documents and records of the Omaha Bricklayers Building Corporation, Omaha Bricklayers Building Trust and/or Omaha Bricklayers Union Trust to Plaintiff BAC Local #15;

  d. Interfering with the full implementation of the decision of the Executive Board of the International Union dated December 31, 2013, which was a "resolution" within the meaning of the LMRDA and which the Defendants were obliged to follow so long as they had authority over BAC Local #15 resources.

60. Plaintiff BAC Local #15 suffered damages which were proximately caused by the Defendants' breach of their fiduciary duties owed to BAC Local #15 under Nebraska law in an amount to be proven at trial.

WHEREFORE, Plaintiff BAC Local #15 prays for judgment against Defendants Mommsen and Skaff in this Count III in such amount as will compensate Plaintiff for the damages proximately caused by Defendants due to the breach of their fiduciary duties and duty of loyalty, and for its reasonable attorneys' fees and court costs incurred in the prosecution of this action.

### COUNT IV – CLAIM FOR CONVERSION UNDER NEBRASKA COMMON LAW AGAINST DEFENDANTS MOMMSEN, WICHMAN AND SKAFF

61. Plaintiff BAC Local #15 incorporates by reference the allegations set forth in paragraphs 1 through 60 only as they pertain to the Defendants mentioned in this claim for relief.

62. Defendants Mommsen, Wichman and Skaff converted property owned by Plaintiff BAC Local #15 and that BAC Local #15 was entitled to possess, including but not limited to assets, property, records and documents of the Omaha Bricklayers Building Corporation, Defendant Omaha Bricklayers Building Trust and Defendant Omaha Bricklayers Union Trust.

63. Per the Decision of the Executive Board of Plaintiff International Union BAC as of January 1, 2014, Plaintiff BAC Local #15 is, and has been, the rightful owner of the aforesaid property with the right to immediate possession of said property.

64. Plaintiff BAC Local #15 is informed and believes, and on that basis alleges, that Defendants Mommsen, Wichman and Skaff currently have possession or control of Plaintiff BAC Local #15's property, including but not limited to the assets, property, records and documents of the Omaha Bricklayers Building Corporation, Omaha Bricklayers Building Trust and Omaha Bricklayers Union Trust. Plaintiff has demanded that Defendants deliver said property but Defendants have failed and refused to do so.

65. Defendants' continued possession or exercise of control over Plaintiff BAC Local #15 property and refusal to return said property constitutes a substantial and unwarranted interference with Plaintiff BAC Local #15's right to own and possess the property.

66. Plaintiff BAC Local #15 seeks, pursuant to this claim for relief, a money judgment in the form of compensatory damages for the property converted by Defendants in an amount to be proven at trial.

WHEREFORE, Plaintiff BAC Local #15 prays for judgment against Defendants in this Count IV such amount as will compensate Plaintiff for the loss of assets which Defendants have wrongfully converted, and for its reasonable attorneys' fees and court costs incurred in the prosecution of this action.

### COUNT V – CLAIM FOR CIVIL CONSPIRACY AGAINST DEFENDANTS MOMMSEN, WICHMAN AND SKAFF

67. Plaintiff BAC Local #15 incorporates by reference the allegations set forth in paragraphs 1 through 66 only as they pertain to the Defendants mentioned in this claim for relief.

68. Defendants Mommsen, Wichman and Skaff conspired among themselves to willfully and maliciously interfere with the transfer of the books, assets and property of BAC Local #1, the Omaha Bricklayer Building Company, Omaha Bricklayer Union Trust and Omaha Bricklayer Building Trust to Plaintiff BAC Local #15.

69. Defendants Mommsen, Wichman and Skaff were aware of the conspiracy and their participation in it.

70. Individual defendants Mommsen, Wichman and Skaff refused to comply with the decision of the Executive Board of the International Union BAC and disregarded the requirements of the International Constitution regarding the ownership of assets of local affiliates merged into another local union in furtherance of the conspiracy.

71. As a result of the conspiracy, Plaintiff BAC Local #15 has suffered and will continue to suffer damages, as well as harm that cannot be readily measured or compensated in monetary terms.

72. Defendants Mommsen, Wichman and Skaff each are liable for all damages resulting from the conspiracy.

WHEREFORE, Plaintiff BAC Local #15 prays for judgment against Defendants Mommsen, Wichman and Skaff in this Count V in such amount as will compensate Plaintiff for the damages caused by the conspiracy engaged in by Defendants, and for its reasonable attorneys' fees and court costs incurred in the prosecution of this action.

### PLACE OF TRIAL

Trial of this matter will be in Omaha, Nebraska.

## DEMAND FOR JURY TRIAL

Plaintiff BAC Local #15 hereby demands a trial by jury on all claims herein for which such trial by jury is available.

Respectfully submitted,

ARNOLD, NEWBOLD, WINTER
& JACKSON, P.C.

*/s/ Bruce C. Jackson, Jr.*
Michael G. Newbold    MO Bar No. #25523
Bruce C. Jackson, Jr., MO Bar No. #32113
Kristie Blunt Welder,   MO Bar No. #61715
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone:    (816) 421-5788
Facsimile:    (816) 471-5574
E-mail:    mgnewbold@anwjpc.com
   bcjackson@anwjpc.com
   kbwelder@anwjpc.com

*Attorneys for Plaintiff Bricklayers and Allied Craftworkers Local Union No. 15 MO-KS-NE*