IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRICKLAYERS & ALLIED CRAFTWORKERS, LOCAL UNION #15 MO-KS-NE, | ) | Case No.:  8:17-cv-00484 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW MOMMSEN, STEPHEN WICHMAN, JARED SKAFF, JAMES PATTERSON, OMAHA BRICKLAYERS UNION TRUST, and OMAHA BRICKLAYERS BUILDING            TRUST, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff Bricklayers & Allied Craftworkers, Local Union #15 MO-KS-NE, serving as "straw man" for the International Union of Bricklayers and Allied Craftworkers has brought this lawsuit seeking the assets of the Omaha Bricklayers Building Trust.  The Plaintiff brings the action, supposedly, pursuant to 29 U.S.C. §185(a) and 29 U.S.C. §501.  These claims are time barred by the statute of limitations and procedurally barred by the statutes themselves.  The Union is not an appropriate Plaintiff in either case nor has it taken the appropriate steps to bring this suit under a Federal Statute in Federal Court.

Because a Federal Court cannot take any action on a case until it finds that it has subject matter jurisdiction, *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) the jurisdictional challenges raised by the defendants must be the first order of business.  As explained

1

more fully in the Defendants' Motion for Summary Judgment, and accompanying Brief, under controlling precedent this Court lacks subject matter jurisdiction over Bricklayers & Allied Craftworkers Local Union #15's complaint.

In compliance with Local Rule 56.1 the Defendants will respond to the Plaintiff's Factual allegations in support of its Motion for Summary Judgment.  However, the Defendants would note that Bricklayers & Allied Craftworkers, Local Union #15's Motion and Brief contains many factual allegations that are simply not material to a resolution of the Defendants' Motion for Summary Judgment.  Facts concerning the Constitution of the International Union are not relevant nor material to a resolution of this claim. This is a valid Nebraska Trust, in existence with the knowledge of the International Union for more than 60 years. To avoid burdening the Court with additional and, at this time, unnecessary legal arguments, the Defendants will simply refer the Court to their Brief in Support of their Motion for Summary Judgment, which sets out the overwhelming case law proving that this case should not be before this Court.


### RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS


1.  Plaintiff BAC Local #15 is an affiliate local of the International Union of Bricklayers and Allied Craftworkers (hereinafter "International Union, BAC") and represents employees in industries affecting commerce.  Plaintiff is, and at all times relevant to this action has been, a "labor organization" within the meaning of 29 USC §152(5) and 402(i).  (First Amended Complaint at paragraph 2, Doc. #20, admitted at paragraph 2 of Defendants' Answer Doc. #21).

RESPONSE:  Admitted.

2

2. International Union BAC is an international labor organization representing employees in an industry affecting commerce within the provisions of §501(1), (3) and §2 (5).  International Union BAC has local affiliates across the United States and Canada, including Plaintiff BAC Local #15 and formerly Omaha Bricklayers Local Union #1.  (First Amended Complaint at paragraph 3, Doc. #20, admitted at paragraph 3 of Defendants' Answer Doc. #21).

RESPONSE:  Admitted.

3. Plaintiff BAC Local #15 maintains its principal office in Kansas City, Missouri with an additional office located in Omaha, Nebraska.  Plaintiff's duly authorized officers or agents are engaged in representing and acting on the behalf of employee members of the Plaintiff in the State of Nebraska within the territorial jurisdiction of this Court.  (First Amended Complaint at paragraph 4, Doc. #20, admitted at paragraph 4 of Defendants' Answer Doc. 21).

RESPONSE:  Admitted.

4. Defendant Andrew Mommsen is a resident of the state of Nebraska and was an officer of Omaha Bricklayers Local Union #1 holding the position of Business Manager, and was a trustee of the Omaha Bricklayers Building Trust and/or the Omaha Bricklayers Union Trust.  (First Amended Complaint at paragraph 6, Doc. #20, admitted at paragraph 6 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

5. Defendant Stephen Wichman was an officer of Omaha Bricklayers Local Union #1 holding the position of President, and was a trustee of the Omaha Bricklayers Building Trust and/or the Omaha Bricklayers Union Trust.  (First Amended Complaint at paragraph 7, Doc. #20, admitted at paragraph 7 of Defendants' Answer Doc. #21).

3

RESPONSE:   Admitted.

6.  Defendant Jared Skaff was an officer of Omaha Bricklayers Local Union #1 holding the position of Recording Secretary, and was a trustee of the Omaha Bricklayers Building Trust and/or the Omaha Bricklayers Union Trust until he resigned said position on or about December 1, 2014.  (First Amended Complaint at paragraph 8, Doc. #20, admitted at paragraph 8 of Defendants' Answer Doc. #21).

RESPONSE:   Admitted.

7.  Defendant James L. Patterson was a member of Omaha Bricklayers Local Union #1 and subsequently a member of Plaintiff BAC Local #15, and became a trustee of the Omaha Bricklayers Building Trust and/or the Omaha Bricklayers Union Trust on or about December 18, 2014 following the resignation of Defendant Jared Skaff from such position.  (First Amended Complaint at paragraph 9, Doc. #20, admitted at paragraph 9 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

8.  Defendant Omaha Bricklayers Union Trust is a trust created by a Declaration of Trust dated June 1, 1957 and at all times referenced herein was a trust organized and existing under the laws of the State of Nebraska having its principle place of business in Omaha, Nebraska.  (First Amended Complaint at paragraph 10, Doc. #20, admitted at paragraph 10 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

9.  Defendant Omaha Bricklayers Building Trust is a trust created, organized and existing under the laws of the State of Nebraska having its principle place of business in Omaha, Nebraska. (First Amended Complaint at paragraph 11, Doc. #20, admitted at paragraph 11 of Defendants'

4

Answer, Doc. #21).

RESPONSE:  Admitted.

10.  Prior to January 1, 2014, Omaha Bricklayers Local #1, the successor through merger to the Omaha Bricklayers, Stonemasons, Cement Block Layers, Marblemasons, Tilesetters and Terrazzaworkers Protective Union No. 1 of the State of Nebraska was an affiliate local of the International Union BAC having been chartered by International Union BAC on March 10, 1881. (First Amended Complaint at paragraph 14, Doc. #20, admitted at paragraph 14 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

11.  Omaha Bricklayers Local Union #1 represented employees in industries affecting commerce in Nebraska and parts of Iowa.  Omaha Bricklayers Local Union #1 at all times relevant to this action was a "labor organization" within the meaning of 29 USC §§152(5) and 402(i).  (First Amended Complaint at paragraph 15, admitted at paragraph 15 of Defendants' Answer).

RESPONSE:  Admitted.

12.  Prior to January 1, 2014, Plaintiff BAC Local #15 was an affiliate local of International Union BAC and as such, represented employees in Kansas and portions of Missouri. (First Amended Complaint at paragraph 16, Doc. #20, admitted at paragraph 16 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

13.  On or about April 2, 1920, the Omaha Bricklayers Building Corporation purchased real estate legally described as follows, for use as offices and to provide a meeting place for Omaha Bricklayers Local Union No. 1:

West 20 feet of Lot five (5) in Block 205 ½, in the City of Omaha, as surveyed and lithographed, together with a strip of ground adjoining said lot on the West and legally described as follows:

Beginning at the southwest corner of said lot 5, thence west 14 feet, thence north 132 feet, thence east 14 feet to Northwest corner of said Lot 5, thence south 132 feet along west line of said Lot to place of beginning, being a part of the 21st Street vacated as per Ordinance No. 5417 of City of Omaha, Douglas County Nebraska.

(First Amended Complaint at paragraph 18, Doc. #20, admitted at paragraph 18 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

14.   On June 1, 1957, the Omaha Bricklayers Building Company, by and through its President William Ross, executed a Declaration of Trust creating the Omaha Bricklayers Union Trust.  On the same date, the Omaha Bricklayers Building Company executed a warranty deed transferring the real property owned by the Building Company to the newly created Omaha Bricklayers Union Trust.  William Ross, James Richardson and William G. Houghton were declared trustees of the Omaha Bricklayers Union Trust under the Declaration of Trust.  A true and accurate copy of the Declaration of Trust dated June 1, 1957 is attached to Plaintiff's Index of Evidence as Exhibit 1.  (First Amended Complaint at paragraph 19, Doc. #20, admitted at paragraph 19 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

15.   At the time of the creation of the Omaha Bricklayers Union Trust and conveyance of the real property from the Omaha Bricklayers Building Company to the Trust, William Ross, James Richardson and William G. Houghton were members and duly elected officers of Omaha Bricklayers Local Union #1.  (First Amended Complaint at paragraph 20, Doc. #20, admitted at

6

paragraph 20 of Defendants' Answer, Doc. #21).

    <u>RESPONSE:</u>  Admitted.

    16.  On or about October 28, 1968, the Omaha Bricklayers Union Trust sold and conveyed the real property described in paragraph 16 of Plaintiff's Amended Complaint. (First Amended Complaint at paragraph 22, Doc. #20, admitted at paragraph 22 of Defendants' Answer, Doc. #21) herein.

    <u>RESPONSE:</u>  Admitted.

    17.  On or about January 14, 1969, using the proceeds derived from the sale of the real property described in paragraph 16 of Plaintiff's Amended Complaint, the Omaha Bricklayers Union Trust purchased real property legally described as:

> That part of Lot 1, Replat of Block 1, Green Valles, an addition in the City of Omaha, as surveyed, platted and recorded, Douglas County, Nebraska, more particularly described as follows:  beginning at the Northeast corner of said Lot 1, thence N 80* 09' 40" W, 158.5 feet along the North line of said Lot 1:  thence S 22* 34' 20" W, 34.94 feet along the West line of said Lot 1; thence S 80* 09' 40" E, 167.32 feet along a line being 34.08 feet South of and parallel with the North Line of said Lot 1; then N 7* 30' 40" W, 34.10 feet along the East line of said Lot 1 to the point of beginning; together with Lot 5, Replat of Block 1, Green Valleys, except that part described as follows:  Beginning at the lot corner which is common to Lot 5 and Lot 1, also being 158.8 feet N 80* 09' 40" W from the Southeast corner of said Lot 5, thence S 22* 34" 20" W along the lot line common to Lot 5 and Lot 1, 65.0 feet; thence N7* 34' 20" E, 112.0 feet along the lot line common to Lot 5 and Lot 4 to a point being the intersection of the above described Lot line and the lot line common to Lot 5 and Lot 1, extended N 22* 34' 20" E to intersect with it; thence S 22* 34' 20" E, 54.92 feet to the point of beginning.
> (First Amended Complaint at paragraph 23, Doc. #20, admitted at paragraph 23 of

Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

18.  On or about December 30, 2011, the Omaha Bricklayers Union Trust sold the real property described in paragraph 21 and all improvements thereon for the amount of one hundred fifty thousand and no/100 dollars ($150,000.00).  Following the sale of said real property, the Omaha Bricklayers Union Trust did not purchase any additional real property but maintained the proceeds from the December 30, 2011 sale as liquid assets of the Union Trust.  (First Amended Complaint at paragraph 24, Doc. #20, admitted at paragraph 24 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

19.  The relationship between International Union BAC and its subordinate local unions, including BAC Local #1 and Plaintiff BAC Local #15, is governed by the International Union Constitution, which is a contract between labor organizations representing employees in an industry affecting commerce within the meaning of the LMRA, 29 USC §185.  Relevant excerpts of the International Union Constitution are attached to Plaintiff's Index of Evidence as Exhibit 2.  (First Amended Complaint at paragraph 26, Doc. #20, admitted at paragraph 26 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

20.  The Executive Board of the International Union BAC is composed of the following officers of the International Union:  President, Secretary-Treasurer and two Executive Vice-Presidents.  (First Amended Complaint at paragraph 27, Doc. #20, admitted at paragraph 27 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

8

21.  Article XVI, Section N, of the International Constitution addresses the ability of the Executive Board of the International Union to merge or consolidate subordinate local unions.  (First Amended Complaint at paragraph 28, Doc. #20, admitted at paragraph 28 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

22.  Article VIII, Section I of the International Union Constitution provides that when the Executive Board exercises its authority to consolidate Local Unions, the funds and assets of the consolidated area "shall become the property of the consolidated Local."  (First Amended Complaint at paragraph 29, Doc. #20, admitted at paragraph 29 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

23.  As a result of the economic recession beginning in 2008, Omaha Bricklayers Local Union #1 experienced a severe decline in hours worked by its members as well as a decline in its membership.  As of late 2013 the number of hours worked by members of Omaha Bricklayers Local Union #1 were roughly half of the number of hours worked in 2008.  Membership in Omaha Bricklayers Local Union #1 declined by approximately 30 percent between 2008 and late 2013. (First Amended Complaint at paragraph 30, Doc. #20, admitted at paragraph 30 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

24.  Article XVI, Section N of the Constitution of the International Union BAC provides that the Executive Board has the following authority:

"N.  The Executive Board shall have the power to organize and to charter new Local Unions, including Regional or National Local Unions; to issue orders consolidating Locals; to designate officers in newly formed Locals or newly consolidated Locals

9

for up to two (2) years after formation or consolidation; to order Locals to form, join and remain affiliated with District Councils; to charter or consolidate District Councils; to charter State or Provincial Conferences; and to revoke or modify any charters granted."

(First Amended Complaint at paragraph 31, Doc. #20, admitted at paragraph 31 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

25.  In Order 2013-11 dated December 31, 2013, the Executive Board of International Union BAC took the following action pursuant to Article XVI, Section N of the International Union Constitution, such action to be effective January 1, 2014:

a.  Ordered the merger of BAC Local #1 into Plaintiff BAC Local #15;

b.  Revoked the existing charter of BAC Local #1;

c.  Expended the charter of Plaintiff BAC Local #15 to include the former jurisdiction of BAC Local #1;

d.  Transferred the membership of BAC Local #1 to Plaintiff BAC Local #15;

e.  Ordered Plaintiff BAC Local 15 to perform all collective bargaining functions and service all collective bargaining agreements then in effect covering members of BAC Local #1.

f.  Ordered the assets, books and records of BAC Local #1 transferred to BAC Local #15.

A true and accurate copy of the Order of the Executive Board of International Union BAC is attached to Plaintiff's Index of Evidence as Exhibit 3.  (First Amended Complaint at paragraph 33, Doc. #20, admitted at paragraph 33 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

26.  Pursuant to Article VIII, Section I of the International Union Constitution, when the

10

International Union Executive Board exercises its authority to consolidate local unions, the funds and assets of the consolidated areas "shall become the property of the consolidated Local." As such, on January 1, 2014, all the funds and other assets of BAC Local #1 became the property of Plaintiff BAC Local #15. (First Amended Complaint at paragraph 34, Doc. #20, admitted at paragraph 34 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

27.  Pursuant to the Order of the Executive Board, Defendant Andrew Mommsen, Business Manager/Financial Secretary of BAC Local #1 was appointed to the Management Committee of Plaintiff BAC Local #15 as a Vice-Chairperson and was appointed and employed as a Field Representative for Plaintiff BAC Local #15. (First Amended Complaint at paragraph 35, Doc. #20, admitted at paragraph 35 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

28.  At the time of his appointment as a Vice-Chairperson of Plaintiff BAC Local #15's Management Committee, Defendant Mommsen was a trustee of the Omaha Bricklayers Union Trust and/or Omaha Bricklayers Building Trust. (First Amended Complaint at paragraph 36, Doc. #20, admitted at paragraph 36 of Defendants' Answer, Doc. 321).

RESPONSE:   Admitted.

29.  At all times on and after January 1, 2014, Defendant Wichman was a member of Plaintiff BAC Local #15 and a trustee of the Omaha Bricklayers Union Trust. (First Amended Complaint at paragraph 37, Doc. #20, admitted at paragraph 37 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted

30.  At all times on and after January 1, 2014, Defendant Skaff was a member and/or

11

employee of Plaintiff BAC Local #15 and a trustee of the Omaha Bricklayers Union Trust and/or Omaha Bricklayers Building Trust until his resignation as a trustee on or about December 1, 2014. (First Amended Complaint at paragraph 38, Doc. #20, admitted at paragraph 38 of Defendants' Answer, Doc. #21).

     RESPONSE:  Admitted.

     31.  At all times on and after January 1, 2014, Defendant Patterson was a member and/or employee of Plaintiff BAC Local #15 and after December 18, 2014, was a trustee of the Omaha Bricklayers Union Trust and/or Omaha Bricklayers Building Trust.  (First Amended Complaint at paragraph 39, Doc. #20, admitted at paragraph 39 of Defendants' Answer, Doc. #21).

     RESPONSE:  Admitted.

     32.  One June 23, 2015, Caryn J. Halifax, then-Assistant General Counsel for International Union BAC, made demand on Defendants through their attorney, to immediately transfer all assets, books and records of the Omaha Bricklayers Building Trust and/or Omaha Bricklayers Union Trust to representatives of Plaintiff BAC Local Union #15.  A true and accurate copy of Ms. Halifax's letter of June 23, 2015 is attached to Plaintiff's Index of Evidence as Exhibit 4.  (First Amended Complaint at paragraph 40, Doc. #20, admitted at paragraph 40 of Defendants' Answer, Doc. #21).

     RESPONSE:  Admitted.

     33.  By letter dated July 13, 2015 from their attorney to Ms. Halifax, Defendants refused to transfer the assets, books and records of the Omaha Bricklayers Building trust and/or the Omaha Bricklayers Union Trust to representatives of Plaintiff BAC Local Union #15.  A true and accurate copy of the letter from Defendants' counsel to Ms. Halifax is attached to Plaintiff's Index of Evidence as Exhibit 5.  (First Amended Complaint at paragraph 41, Doc. #20, admitted at paragraph

41 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

34.  By letter to counsel for Defendants dated August 10, 2015, Caryn J. Halifax, on behalf of the President of Plaintiff BAC Local #15, demanded an accounting of the Omaha Bricklayers Building Trust/Omaha Bricklayers Union Trust pursuant to the provisions of paragraph 8 of the Declaration of Trust.  A true and accurate copy of Ms. Halifax's letter to Defendants' counsel dated August 10, 2015 is attached to Plaintiff's Index of Evidence as Exhibit 6.  (First Amended Complaint at paragraph 42, Doc. #20, admitted at paragraph 42 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

35.  Defendants have refused, and continue to refuse, to either transfer the assets, books and records of the Omaha Bricklayers Building Trust/Omaha Bricklayers Union Trust to representatives of Plaintiff BAC Local #15 or provide the requested accounting for the Trust to the President of Plaintiff BAC Local #15.  (First Amended Complaint at paragraph 43, Doc. #20, admitted at paragraph 43 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

36.  Code 5 of the Constitution of the International Union BAC makes it a violation of the International Constitution "For any member or affiliate to convert to the member's own use or affiliate's own use or to the use of another not entitled to such use any property of the International or any affiliate thereof or any related fund of the International or an affiliate, or to conspire or attempt to do so."  (First Amended Complaint at paragraph 44, Doc. #20, admitted at paragraph 44 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

13

37.   Defendants Mommsen, Wichman and Patterson currently have possession or control of Plaintiff's BAC Local #15 property, including but not limited to the assets, property, records and documents of the Omaha Bricklayers Building Corporation, Omaha Bricklayers Building Trust and/or Omaha Bricklayers Union Trust.  Plaintiffs have demanded that Defendants deliver said property but Defendants have failed and refused to do so.  (First Amended Complaint at paragraph 68, Doc. #20, admitted at paragraph 68 of Defendants' Answer, Doc. #21).

RESPONSE:  Admitted.

## ARGUMENT

In its Brief Supporting its Motion for Summary Judgment the Defendants explained the facts and law truly material to this case.  The Defendants will not burden the Court with a restatement of those arguments, but simply refers the Court to the Defendants other filing.   While the Plaintiff would like this case to be a question of interpretation of the International Constitution, that is simply not the issue before the Court.  As stated in our Brief in Support of the Motion for Summary Judgment this is a case that is procedurally and legally defective and should be dismissed.

## CONCLUSION

Because the Defendants believe that the Court will dismiss this case based upon their Motion for Summary Judgment, they respectfully request that the Plaintiff's Motion for Summary Judgment be denied and the Court enter a judgment in favor of the Defendants.

14

Respectfully submitted,


ANDREW MOMMSEN, STEPHEN WICHMAN,
JARED SKAFF,  JAMES PATTERSON, OMAHA
BRICKLAYERS UNION TRUST, and OMAHA
BRICKLAYERS BUILDING TRUST,
Defendants


By:  /s/ Robert E. O'Connor, Jr._____
Robert E. O'Connor, Jr. #13113
P.O. Box 451116
Omaha, NE  68145
(402) 330-5906
reolaw@aol.com


CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 26,  2018, I electronically filed the
foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of
such filing to the following:

Michael G. Newbold
Bruce C. Jackson, Jr.
Kristie Blunt Welder
1100 Main Street, Suite 2001
Kansas City, MO  64105
Mgnewbold@anwjpc.com
bcjackson@anwjpc.com
kbwelder@anwjpc.com


/s/ Robert E. O'Connor, Jr.
Robert E. O'Connor, Jr.

15